UNITED STATES of America

v.

Denis M. NEILL, James P. Neill, Defendants.

Crim. Action No. 95–0323 (JHG).

United States District Court, District of Columbia.

Nov. 26, 1996.

John Martin Bray, Joseph Martin Jones, Schwalb, Donnenfeld, Bray & Silbert, P.C., Washington, DC, for Denis M. Neill.

Charles Taylor Smith, II, Ober, Kaler, Grimes & Shriver, Baltimore, MD, Martha Purcell Rogers, Hartman E. Blanchard, Ober, Kaler, Grimes & Shriver, Washington, DC, for James P. Neill.

Richard A. Poole, U.S. Department of Justice, Criminal Division, Fraud Section, and John E. Sullivan, U.S. Department of Justice, Criminal Section, Tax Division, Washington, DC, for U.S.

## MEMORANDUM OPINION AND ORDER

JOYCE HENS GREEN, District Judge.

Presently pending are the motions by the United States, Defendant James P. Neill and

both defendants for reconsideration of the Court's Memorandum Opinion and Order of September 24, 1996. The United States requests that the Court reinstate Counts Three through Five of the Indictment, and the defendants request that the Court strike Count Two as barred by the statute of limitations. For the reasons expressed below, the defendants' motions will be denied and the United States' motion will be granted. Counts Three, Four and Five will be reinstated.

## I. Background

On September 24, 1996, this Court dismissed Counts Three, Four and Five of the Indictment. The Court construed 18 U.S.C. § 3292 to suspend the statute of limitations only for those offenses for which foreign evidence had been officially, and specifically, requested. *See United States v. Neill*, 940 F.Supp. 332, 336–37 (D.D.C.1996). Based upon the statute's plain language, the Court held that 18 U.S.C. § 3292(a) is offense-specific.[1] *Id.* at 335–36. The Court determined that the United States did not make a sufficiently specific official request for foreign evidence regarding the tax offenses until March 10, 1993. *Id.* at 336–37. This official request tolled the statute of limitations as to both defendants, and the periods remained suspended until July 4, 1995, when the United Kingdom, the last foreign authority holding outstanding requests, took final action. *Id.* at 337–38. Count II was preserved because approximately nine months remained on its limitations period, but the Court held that Counts III, IV and V had expired and they were dismissed as time-barred.

## II. Discussion

This Court is one of few courts to have occasion to interpret the text of 18 U.S.C. § 3292, and she is the first court to be faced with the specific issues presented herein. The defendants' arguments for reconsideration are unpersuasive, but the United States has offered the Court additional information and presented a compelling argument as to the proper interpretation of the statute.

The United States seeks reconsideration on the grounds that the grand jury began investigating the tax offenses no later than September 25, 1992, and that its foreign evidence requests were sufficiently specific to suspend the statutes of limitations for the offenses charged. To demonstrate that a grand jury was in fact investigating tax offenses, the government has offered evidence that it did not include in its initial memorandum in opposition. The government argues that while 18 U.S.C. § 3292 requires that an official request for evidence be made to a foreign government, the statute imposes no specific requirements about the content of that request. To the extent that the content of a foreign evidence request is controlled by anything, the United States contends that it would be an agreement between the United States and the foreign sovereign.

The government's argument is compelling. The statute does not, as the government notes, impose any specific requirements regarding the precise content of foreign evidence requests. While the plain text of the statute is, as the Court has previously held, offense-specific, such specificity does not require that a foreign evidence request expressly list by citation the alleged statutory violations in order for a foreign evidence request to pass muster under 18 U.S.C. § 3292. To the extent this Court's previous opinion implied such a requirement, it will be, and hereby is, vacated. Nevertheless, the statute does not grant the government *carte blanche* to toll statutes of limitations. The first major constraint upon government discretion is the clear requirement that an offense be under investigation by a grand jury. That requirement is satisfied here. Based upon the government's submission, it is clear that a grand jury was investigating possible tax violations as of Friday, September 25, 1992. *See In re Pos-*

---

1. 118 U.S.C. § 3292(a)(1) provides:

   Upon application of the United States, filed before return of an indictment, indicating that evidence of an offense is in a foreign country, the district court before which a grand jury is impaneled to investigate the offense shall suspend the running of the statute of limitations for the offense if the court finds by a preponderance of the evidence that an official request has been made for such evidence and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.

*sible Violations of 18 U.S.C. 1956, 1957, 1001 and 26 U.S.C. 7201, 7206,* Grand Jury 92–1, attached to the Government's Motion for Reconsideration. This investigation was ongoing at the time the foreign evidence request was made on October 29, 1992.

■ The second major constraint is the foreign evidence request itself. While it would be unreasonably formalistic as well as unnecessary to impose a requirement that the government list by citation the statutes that may have been violated, the request for evidence must nevertheless be reasonably specific in order to elicit evidence of the alleged violations under investigation by the grand jury.[2] The official request of October 29, 1992, sought foreign evidence related to money laundering, conflicts of interest, bribery or gratuity and foreign financial transactions. Among the evidence sought was bank records. This request was reasonably specific to elicit evidence probative of the tax violations then under investigation by the grand jury, and it was, therefore, effective to toll the statutes of limitations for those offenses. Listing those offenses by statutory citation would do nothing to facilitate the foreign evidence request, and, most importantly, it is not required by 18 U.S.C. § 3292.

■ The Memorandum Opinion and Order of September 24, 1996, tolled the statutes of limitations based upon the March 10, 1993, letter to Bermuda. That opinion will be vacated. For the reasons expressed above, the foreign evidence request to the United Kingdom on October 29, 1992, was sufficient to suspend the statutes of limitations for the tax counts: Count II was suspended with approximately thirteen months and seventeen days remaining; Count III was suspended with approximately five months and seventeen days remaining and Counts IV and V were suspended with approximately eight months and twenty-two days remaining. Those periods remained suspended until the United Kingdom took final action on July 4, 1995. The Indictment was returned on December 10, 1995, within the time remaining for each count.

■ Defendant James Neill seeks reconsideration and dismissal of Count II on two grounds. First, he argues that 18 U.S.C. § 3292 is person-specific as well as offense-specific: because government never made a formal application to suspend the statute of limitations as to him, Chief Judge Penn never suspended the statutes of limitations as to him and the remaining count, Count II, is therefore time barred. Second, he contends that the official request for foreign evidence made to the Government of Bermuda on March 10, 1993, did not request evidence as to him. Since an official request for evidence triggers the suspension, the statute of limitations as to him was never tolled and Count II is time-barred.

Defendant James Neill's first argument fails and, in view of the Court's reasoning outlined above, the second argument is moot because the Court's opinion is no longer based on the premise that the official request to Bermuda triggered the suspension under 18 U.S.C. § 3292.

The first argument is unpersuasive, because while the plain text of 18 U.S.C. § 3292 is offense-specific, it does not impose the same limitations as to persons. A district court "before which a grand jury is impaneled to investigate *the offense* shall suspend the running of the statute of limitations *for the offense* if the court finds by a preponderance of the evidence that *an official request has been made for such evidence* and that it reasonably appears or reasonably appeared at the time the request was made that *such evidence* is, or was, in such foreign country." 18 U.S.C. § 3292(a) (emphasis added).

For whatever reason, Congress did not impose the words of limitation that Defendant James Neill seeks in the statute. This omission does not, however, grant the government the unbridled discretion that the defendants fear. The government can only request that statutes of limitation be tolled for offenses under investigation by the grand jury; and such tolling can only be triggered through official requests for foreign evidence

---

**2.** The United States could not reasonably request foreign evidence related to tax violations to toll the statute of limitations regarding conspiracy to import a controlled substance under Title 21, U.S.Code.

that are sufficiently specific. *See supra.* Moreover, the government has no control over who might be involved in the offense under investigation. A foreign evidence request for offenses under investigation may identify persons who are involved in the offenses, but who were previously unknown to the government. In 18 U.S.C. § 3292, Congress focused on the offense, not the offender. Contrary to the statute's text and its underlying purpose, Defendant James Neill's interpretation would penalize the government for a lack of omniscience as to who was involved in offenses under investigation.

Both defendants seek reconsideration on another ground, challenging the Court's determination that final action occurred on July 4, 1995, when the United Kingdom took final action on the last official request for foreign evidence. *See Neill,* 940 F.Supp. at 337–38, *supra.* Instead, the defendants argue that final action occurred on September 7, 1993, when Bermuda first responded to the United States' request.

In light of the Court's ruling on reconsideration, the Bermuda request is no longer relevant to either triggering the suspension period or terminating it. The October 29, 1992, letter to the United Kingdom triggered the period, and the suspension ended on the date on which the United Kingdom took final action: July 4, 1995. *See* 18 U.S.C. § 3292(b); *United States v. Bischel,* 61 F.3d 1429, 1434 (9th Cir.1995). The defendants' motions will be denied.

### III. Conclusion

Accordingly, for the reasons stated above, it is

**ORDERED** that the Memorandum Opinion and Order of September 24, 1996, is vacated; it is

**FURTHER ORDERED** that the government's motion for reconsideration is granted and the defendants' motions are denied; and it is

**FURTHER ORDERED** that Counts III, IV and V are reinstated.

IT IS SO ORDERED.